IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KEVIN S. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO.   03-1188 T/An |
| HOWARD COOK, et al., | ) ) ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO COMPEL DISCOVERY

Before the Court is Plaintiff's Motion to Compel Discovery filed on February 25, 2005. Defendants responded to the Motion on April 11, 2005. For the reasons set forth below, the Motion is **DENIED**.

Plaintiff filed the instant Motion to Compel requesting that the Court order Defendants to produce various documents to Plaintiff. Plaintiff is a prisoner at the Northwest Correctional Complex who filed this § 1983 claim alleging that Defendants violated his constitutional rights. On April 22, 2004, Plaintiff served Defendants with Requests for Production of Documents. Defendants responded to the discovery requests, but Plaintiff argues that Defendants' responses are insufficient. Plaintiff made twelve requests for production, and Defendants responded in full to Request Nos. 3, 4, and 9.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.

1



26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)).

Request No. 1 requests that Defendants produce previous grievances and the like from other inmates from 1995 to the present. Grievances, complaints and the like filed by other inmates are not relevant to Plaintiff's claims, since this information will not lead to the discovery of admissible evidence. Moreover, this request is overly broad and would cause undue burden and expense on Defendants. Therefore, with respect to Request No. 1, the Motion is **DENIED**.

Request No. 2 requests logs, lists and the like filed by other inmates from 1995 to the present. Similar to Request No. 1, this information will not lead to the discovery of admissible evidence. Moreover, this request is overly broad and would cause undue burden and expense on Defendants. Therefore, with respect to Request No. 2, the Motion is **DENIED**.

Request No. 12 requests "any and all documentation that will/shall be used by the legal attorney(s) on behalf of the defendant . . . pertaining to this case . . . ." Defendants have relied on the attorney-client privilege and the work product doctrine in not responding to this request. The party raising a privilege has the burden of establishing the existence of the privilege. Fed. R. Civ. P. 26(b)(5). The objection must include sufficient information so that the Court and opposing counsel can assess the applicability of the privilege. *Watts v. Federal Express Corp.*, No. 99-CV-701, 2001 WL 1661474, at *6 (W.D. Mich. Apr. 11, 2001); *Meridan Diagonostics, Inc. v. Yi.*, No. C-1-00-540, 2001 WL 1842463, at *9-10 (S.D. Ohio Mar. 9, 2001) (holding that a privilege log is required to assess the applicability of the privilege). In this case, the Court is

satisfied with Defendants' reliance on the attorney-client privilege and work product doctrine; therefore, Defendants are not required to produce these documents to Plaintiff. With respect to Request No. 12, the Motion is **DENIED**.

In response to Request Nos. 5, 6, 7, 8, 10, and 11, Defendants produced responsive documents dated after 2003; however, Defendants did not produce documents for the requests dated before 2003, when Plaintiff's allegations arose, because the documents are not relevant and will not lead to the discovery of admissible evidence. The Court agrees with Defendants and concludes that the documents dated prior to 2003 are not relevant to these proceedings; therefore, any further production for Request Nos. 5, 6, 7, 8, 10, and 11 is not required. The Motion to Compel is therefore **DENIED**.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 03, 2005

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 35 in case 1:03-CV-01188 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Arthur Crownover
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Kevin S. Taylor
S.TS.R.C.F.
Rt. 4, Box 600
Pikeville, TN

Honorable James Todd
US DISTRICT COURT