IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KEVIN S. TAYLOR, | ) |
| Plaintiff, | ) |
| VS. | ) No. 03-1188-T/An |
| RICHARD KENYON and ANDY HAYNES, | ) |
| Defendants. | ) |

ORDER SETTING ASIDE ENTRY OF DEFAULT
AND
DENYING MOTION FOR JUDGMENT BY DEFAULT

Plaintiff Kevin S. Taylor, a prisoner acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against various defendants. The Court issued an order on October 29, 2003, dismissing all of the original defendants except Richard Kenyon, who filed an answer to the original complaint on March 1, 2004. Subsequently, plaintiff was permitted to file an amended complaint on January 3, 2005 which, *inter alia*, added Andy Haynes as a defendant. However, through an oversight by the Court, Haynes was not served with process until on or about September 12, 2005. Thus, a response to the amended complaint was due within twenty days, on or before October 3, 2005.

Haynes failed to respond to the amended complaint within twenty days; therefore, on October 14, 2005 plaintiff filed a motion for entry of default by the Clerk, pursuant to Fed.



R. Civ. P. 55(a). Default was entered by the Clerk on October 17, 2005. Later that same day, Haynes filed an answer to the amended complaint and a response to the plaintiff's request for entry of default.[1] Plaintiff filed a motion for default judgment against Haynes on October 28, 2005.

Pursuant to Fed. R. Civ. P. 55(c), the Court, "for good cause shown," "may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The Sixth Circuit has recognized that this creates a distinction between the appropriate standard for setting aside entry of default, and the standard for setting aside a default judgment. See INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 398 (6th Cir. 1987). Thus, entry of default may be set aside for "good cause shown," but a default judgment may be set aside only if the stricter Rule 60(b) standards for setting aside a final, appealable order are met. As no final default judgment was entered in this case, the lesser standard is applicable here.

In determining whether the party seeking to set aside entry of default has shown good cause, the Court must consider three equitable factors: (1) whether the entry of default was the result of defendant's willful or culpable conduct; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant presents a meritorious defense. Thompson v. American Assurance Co., 95 F.3d 429, 432 (6th Cir. 1996); Messick v. Toyota Motor Mfg., Kentucky, Inc., 45 F. Supp. 2d 578, 582-83 (E.D. Ky. 1999).

---

[1] The response is titled, "Response to Plaintiff's Motion for Default Judgment." However, at that time plaintiff had not yet filed a motion for default judgment, only a motion for entry of default by the Clerk.

First, there is no indication that Haynes' failure to respond to the complaint was the result of willful or culpable conduct, as opposed to inadvertence or excusable neglect. In Haynes' response to plaintiff's motion for entry of default, counsel stated that the failure to respond was an oversight caused by his having to be out of the office frequently to assist a family member with a serious medical condition. Plaintiff asserts that defense counsel was served with a copy of the amended complaint at about the time it was filed on January 3, 2005; therefore, he maintains that Haynes had over nine months to respond but failed to do so. However, as stated above, Haynes was not served with official process until September 12, 2005. His answer was due twenty days after that date, not twenty days after the date counsel first received the amended complaint in January.

Second, it does not appear to the Court that plaintiff would be prejudiced by setting aside the entry of default. There are no assertions that the two-week delay in filing an answer has resulted in the loss of evidence, created increased difficulties of discovery, or provided greater opportunity for fraud and collusion. INVST, 815 F.2d at 398.

The final factor is whether Haynes has set forth a meritorious defense. In evaluating the asserted defenses:

> [l]ikelihood of success is not the measure. . . . [r]ather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. . . . such a defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense. The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.

INVST, 815 F.2d at 398-99 (citations and internal quotation marks omitted) (emphasis supplied in INVST).

In his answer, Haynes asserts defenses that, if established, would provide a complete defense to the claims in plaintiff's amended complaint. Therefore, the answer is sufficient to establish a possibility that the outcome of this case would be contrary to the result achieved by the default.

Accordingly, the entry of default as to defendant Andy Haynes is hereby SET ASIDE. Plaintiff's motion for judgment by default against Haynes (dkt. #45) is DENIED.

IT IS SO ORDERED.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

7 December 2005
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 48 in case 1:03-CV-01188 was distributed by fax, mail, or direct printing on December 12, 2005 to the parties listed.

---

Arthur Crownover
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Kevin S. Taylor
S.TS.R.C.F.
Rt. 4, Box 600
Pikeville, TN

Honorable James Todd
US DISTRICT COURT