IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KEVIN S. TAYLOR, | ) |
| Plaintiff, | ) |
| VS. | ) No. 03-1188-T/An |
| RICHARD KENYON and ANDY HAYNES, | ) |
| Defendants. | ) |

ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT
AGAINST DEFENDANT RICHARD KENYON

This action was filed by plaintiff Kevin S. Taylor, a prisoner acting *pro se*, pursuant to 42 U.S.C. § 1983. Five individuals were named as defendants in the original complaint. On October 29, 2003, the Court dismissed all of the original defendants except Richard Kenyon. On March 1, 2004, Kenyon filed an answer to the original complaint. On December 20, 2004, plaintiff was given leave to amend and supplement his complaint. The amended and supplemental complaint, filed on January 3, 2005, added a defendant and contained additional allegations against defendant Kenyon.

Upon defendant Kenyon's failure to file a response to the amended complaint, plaintiff filed a request for entry of default by the Clerk, pursuant to Fed. R. Civ. P. 55(a). Default was entered on October 31, 2005. Plaintiff subsequently filed a motion for default judgment pursuant to Rule 55(b), which the Court granted on December 16, 2005. On

December 27, 2005, Kenyon filed a motion to set aside the default judgment; plaintiff has responded to that motion.[1]

Federal Rule of Civil Procedure 55(c) provides that a default judgment may be set aside in accordance with the provisions of Rule 60(b).  Rule 60(b) allows the trial court to relieve a party from a final judgment for these reasons, among others:  "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."  The party seeking relief from judgment must show that the case falls within the provisions of Rule 60(b).  See Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

The defendant contends that his failure to respond to the complaint was the result of inadvertence and excusable neglect.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380 (1993).  In Pioneer, which involved Bankruptcy Rule 9006(b), the United States Supreme Court held that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  507 U.S. at 388.  The Court extended this standard to criminal appeals under Fed. R. App. P. 4(b) in Stutson v. United States, 516 U.S. 193 (1996).  See also United States v. Thompson, 82 F.3d 700, 702 (6th Cir. 1996) (applying same standard to civil appeals).

---

[1] In plaintiff's response, he states that he did not receive a copy of a memorandum of law filed in support of Kenyon's motion.  However, the motion filed by Kenyon is one combined document titled "Motion to Set Aside Default Judgment and Memorandum of Law in Support of Motion on Behalf of Richard Kenyon."  There was no separate memorandum of law filed.

In this case, defense counsel states that he mistakenly thought that the amended and supplemental complaint only added an additional defendant, without adding any new allegations against defendant Kenyon. That mistake has been further compounded by counsel's having to be out of the office frequently over the last two months to assist a family member with a serious medical condition. Considering the more relaxed standards set forth in Pioneer, Stutson and Thompson, counsel's mistake in this case constitutes the type of "inadvertence, mistake, or carelessness" that is encompassed by the term "excusable neglect." Pioneer, 507 U.S. at 388. Therefore, the Court finds that the defendant has demonstrated excusable neglect sufficient to satisfy the requirement of a "mistake" under Rule 60(b)(1).

In the context of a motion to set aside default judgment under Rule 55(c), in addition to finding that one of the requirements of Rule 60(b) is met, courts must also consider three equitable factors: (1) whether the default was the result of defendant's willful or culpable conduct; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant presents a meritorious defense. Thompson v. American Assurance Co., 95 F.3d 429, 432-33 (6th Cir. 1996); Messick v. Toyota Motor Mfg., Kentucky, Inc., 45 F. Supp. 2d 578, 582-83 (E.D. Ky. 1999).

While plaintiff insists that the defendant's failure to respond was the result of willful or culpable conduct, the Court has found that the failure was, indeed, the result of excusable neglect. With regard to the second equitable factor, setting aside the default judgment in this case will not prejudice the plaintiff, as the motion to set aside was filed within a reasonable

time after the default judgment was granted. In addition, delay alone generally is not considered prejudicial for purposes of setting aside a default judgment. Messick v. Toyota Motor Mfg., Kentucky, Inc., 45 F. Supp. 2d 578, 583 (E.D. Ky. 1999) (citing United Coin Meter v. Seaboard Coastline R.R., 705 F.2d 839 (6th Cir. 1983)). It must also be remembered that this is not a case where the defendant has made no appearance whatsoever in the action; Kenyon did, in fact, file an answer to the original complaint, demonstrating his intent to defend against plaintiff's allegations.

The final equitable factor is whether Kenyon's answer sets forth a meritorious defense. In evaluating the asserted defenses:

> [l]ikelihood of success is not the measure. . . . [r]ather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. . . . such a defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense. The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.

INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 398-99 (6th Cir. 1987) (citations and internal quotation marks omitted) (emphasis supplied in INVST).

In his answer, Kenyon asserts defenses to the claims in plaintiff's amended complaint that are good at law and that are sufficient to establish a possibility that the outcome of this case would be contrary to the result achieved by the default. Therefore, the defendant has demonstrated that all three of the Rule 55(c) equitable factors are satisfied.

Defendant Kenyon's motion to set aside the default judgment (dkt. #50) entered against him is GRANTED. Accordingly, the default judgment is hereby SET ASIDE.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE